This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Cid A. Norris has appealed from a judgment of the Summit County Court of Common Pleas that sentenced him to incarceration for a total of eight years, following Appellant's plea of guilty to numerous charges involving automobile theft. This Court reverses and remands the case for resentencing.
 I
Appellant was indicted for: one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1); one count of conspiracy to engage in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)/2923.01(A)(1); ten counts of receiving stolen property in violation of R.C. 2913.51(A); nine counts of fraudulent actions concerning a vehicle identification number in violation of R.C. 4549.62(A); and ten counts of grand theft in violation of R.C. 2913.02(A)(1)(3). Appellant entered a plea of not guilty to all charges, and his case was scheduled for trial.
Subsequently, Appellant pled guilty to one count of conspiracy to engage in a pattern of corrupt activity, three counts of grand theft, three counts of receiving stolen property, and two counts of fraudulent actions concerning a vehicle identification number. The remaining charges were dismissed.
Following a presentence investigation, the trial court sentenced Appellant on October 18, 1999 to five years incarceration for the count of conspiracy to engage in a pattern of corrupt activity; one year incarceration for each of the three counts of grand theft, to be served consecutively; one year incarceration for each count of receiving stolen property, to be served concurrently; and six months incarceration for each count of fraudulent actions concerning a vehicle identification number, also to be served concurrently. Appellant's sentence thus amounted to a total of eight years incarceration.
On April 2, 2001, Appellant filed a motion for delayed appeal with this Court, claiming that the trial court failed to notify Appellant of his right to appeal his sentence as required by Crim.R. 32(B)(2). Because Appellant provided this Court with a transcript of the sentencing hearing which indicated that Appellant had not been advised of his appellate rights, this Court granted Appellant's motion. In granting his request for a delayed appeal, this Court strictly limited the scope of Appellant's appeal to the issue of sentencing.
 II Assignment of Error Number Four In the [fourth] assignment of error Appellant states that the court erred by convicting and sentencing him for allied offenses which constitute the same offense.
 Assignment of Error Number Five In the fifth assignment of error Appellant states that the court erred by sentencing him for the charge of Conspiracy To Engage In A Pattern Of Corrupt Activity which is contrary to law.
 Assignment of Error Number Six In the sixth assignment of error Appellant states that the Prosecutors and Grand Jury erred by indicting Appellant on offenses that took place during the period of time Appellant was incarcerated.
 Assignment of Error Number Seven In the seventh assignment of error Appellant states that the police erred by not informing him of his Miranda rights prior to questioning and lying to Appellant to get information out of him.
 Assignment of Error Number Eight In the eighth assignment of error Appellant states that the Prosecutors and Grand Jury erred by indicting him of [ten] separate counts of theft when infact Appellant should have been indicted on one count of theft reflecting the aggregate value of all property involved pursuant to [R.C.] 2913.61.
 Assignment of Error Number Nine In the ninth assignment of error Appellant states that the Prosecutors and Grand Jury erred by stating in the indictment that all the offenses were committed in Summit County when infact very few of them were committed in Summit County.
Subsequent to filing his appellate brief, Appellant requested permission "to voluntarily withdraw these assignments of error without prejudice to the proceedings to preserve his opportunity to properly address these issues at the Trial Court level first." This Court grants Appellant's request to withdraw these assignments of error, and expresses no opinion concerning the merits of these arguments or the propriety of any attempt by Appellant to bring them before the trial court.
 Assignment of Error Number One In the first assignment of error this Appellant ask[s] for review of his consecutive sentences which exceed the maximum sentence allowed for the most serious offense.
 Assignment of Error Number Two In the second assignment of error this Appellant states that the court violated [R.C.] 2929.14(C) when imposing the maximum sentence for the offense of Conspiracy To Engage In A Pattern Of Corrupt Activity.
 Assignment of Error Number Three In the third assignment of error this Appellant states that the court abused its discretion when sentencing him.
In his first assignment of error, Appellant has argued that the trial court erred in finding that consecutive sentences are necessary pursuant to R.C. 2929.14(E)(3), which mandates consecutive sentences for prison terms imposed for violations of R.C. 2911.01 and 2921.331. Appellant has correctly pointed out that he was not convicted of violations of either R.C. 2911.01 or 2921.331. However, while the trial court's journal entry mistakenly refers to R.C. 2929.14(E)(3) as the basis for its finding that consecutive sentences are necessary, it correctly made the findings required under R.C. 2929.14(E)(4)(b) for imposition of consecutive sentences. Appellant's argument is therefore without merit.
In his second assignment of error, Appellant has contended that the trial court erred in sentencing him to the maximum term of incarceration for the offense of conspiracy to engage in a pattern of corrupt activity without making any of the findings required by R.C. 2929.14(C). In his third assignment of error, Appellant has argued that the trial court erred in sentencing him to a one-year prison term for a fourth degree felony without considering the factors enumerated at R.C. 2929.12(A).
R.C. 2929.14(C) provides:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders[.]
R.C. 2929.12(A) provides:
 In exercising [its] discretion [in sentencing], the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing.
The record shows, and the state has conceded, that the trial court failed to make the necessary findings when imposing upon Appellant the maximum sentence and failed to consider the statutory factors relevant to the seriousness of the offense and likelihood of Appellant's recidivism. Accordingly, Appellant's sentences are vacated and his case remanded for resentencing.
 III
Appellant's second and third assignments of error are sustained. The sentences imposed by the court of common pleas are vacated, and Appellant's case is remanded for resentencing.
Judgment reversed, and caused remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.